UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NEW ALBANY MAIN STEET                                                Plaintiff
PROPERTIES D/B/A PORT OF
LOUISVILLE

v.                                                    Civil Action No. 3:20-cv-343-RGJ

WATCO COMPANIES, LLC, ET AL.                                         Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

Defendant Maria Bouvette ("Bouvette") moved to stay discovery pending appeal [DE 43] of the Court's March 28 Order [DE 35].  Watco Companies, LLC ("Watco") responded in support and separately moved for a stay of discovery.  [DE 45].  New Albany Main Street Properties d/b/a Port of Louisville ("Port of Louisville") responded in opposition to Bouvette's and Watco's motions.  [DE 46].  Bouvette and Watco replied.  [DE 47; DE 48].  The matter is ripe.  For the reasons below, the Court **GRANTS** Bouvette's motion to stay [DE 43] and **DENIES** Watco's motion to stay [DE 45].

## I.     BACKGROUND

Port of Louisville operates Louisville's shipping center where goods are loaded for transport on the Ohio River or unloaded for distribution by land.  [DE 22 at 182].  In 2009 and 2016, Port of Louisville successfully bid to be the operator of Louisville's shipping center.  [*Id.*]. Bouvette was appointed by the Mayor of Louisville as the executive director of the Louisville and Jefferson County Riverport Authority ("Riverport Authority").  [DE 21 at 162].

Port of Louisville alleges that one of its competitors, Watco, began secret negotiations with Bouvette and Riverport Authority to remove and replace Port of Louisville as operator of the

shipping center. [DE 1 at 4]. Port of Louisville asserts three claims against Watco and Bouvette: (Count I) tortious interference with contractual relationship and business relations; (Count II) civil conspiracy; and (Count III) defamation. [*Id.* at 10–13]. On May 26, 2021, Bouvette moved to dismiss arguing that she was protected by sovereign immunity, governmental immunity, and the Claims Against Local Government Act. [DE 21]. The Court denied Bouvette's motion to dismiss [DE 35] and Bouvette appealed [DE 39]. Bouvette now moves to stay discovery until the resolution of her appeal. [DE 43 at 278]. Under the current scheduling order, fact discovery may continue until August 5, 2022. [DE 44]. Port of Louisville served Bouvette with interrogatories and requests for discovery, but none of these involve sovereign immunity. [DE 43 at 281]. At the status conference on May 3, 2022, the Court asked the parties to brief whether Bouvette is entitled to a stay of discovery pending appeal. [*Id.* at 282].

## II.   <u>BOUVETTE'S MOTION TO STAY DISCOVERY</u>

Bouvette argues that she is entitled to a stay of discovery while she appeals the Court's order denying immunity. [DE 43]. She also argues that limited discovery related to immunity should not be allowed because the Court denied her claims as a matter of law. [*Id.* at 285]. In response, Port of Louisville contends that discovery should be allowed to proceed while Bouvette pursues her appeal. [DE 46].

### A.   Discussion

"The entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Discovery should not continue until the threshold question of immunity is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The policy behind this doctrine is to "avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. U.S. Small Bus. Admin.*, 65

F.3d 1322, 1326 (6th Cir. 1995) (internal quotation marks omitted) (citing *Harlow*, 457 U.S. at 816).

The Supreme Court has held that absolute immunity is treated the same as qualified immunity as it relates to discovery during an appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985) ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable . . ."); *see also Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010) ("[A]s with qualified immunity, the district court's denial of a claim of sovereign immunity by a state or state entity is immediately appealable under the collateral order doctrine."). "When the defendant takes an interlocutory appeal, all discovery must cease." *Poe v. Haydon*, 853 F.2d 418, 425 (6th Cir. 1988) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).

Notwithstanding the foregoing, the Court need not grant a stay. *See McMillan v. Windham*, No. 3:16-CV-558-CRS, 2018 WL 652830, at *2 (W.D. Ky. 2018). "[D]iscovery may be permitted, even where qualified immunity is raised, if it is appropriate to frame the immunity issue." *Carden v. City of Knoxville*, No. 3:15-cv-314-TAV-HBG, 2016 U.S. Dist. LEXIS 87799, *2 (E.D. Tenn. July 7, 2016). In *McMillan*, the defendants moved to dismiss the plaintiffs' claims under Rule 12(b)(6) based on immunity. 2018 WL 652830, at *2. This Court denied defendants' motion to dismiss and defendants moved to stay discovery pending appeal. *Id.* Plaintiffs argued that qualified immunity is a fact intensive inquiry that would require additional discovery. *Id.* at *3. In response to defendants' motion to dismiss, plaintiffs had argued that it should be converted to a motion for summary judgment so discovery could proceed prior to resolving the immunity issue. *Id.* This Court agreed with plaintiffs and allowed limited discovery to continue as it related to the

immunity issue.  *Id.*  This Court also noted that defendants had already engaged in substantial discovery and may be more amenable to discovery than they represented in their motion.  *Id.*

In this case, the Court denied Bouvette's assertions of immunity as a matter of law based on Bouvette's motion to dismiss.  [DE 35].  Unlike *McMillan*, Port of Louisville did not request that the Court convert Bouvette's motion to dismiss into a motion for summary judgment so discovery on immunity could continue.  In fact, Bouvette represents that Port of Louisville has never sought discovery related to Bouvette's assertions of immunity.  [DE 47 at 342–43].  Bouvette has participated in some discovery at this point, which includes joining in Watco's discovery requests.  [DE 46 at 335].  Yet joining in a co-defendant's discovery requests does not compare to *McMillan* where defendants had served their own discovery requests and actively participated in depositions.  *See* 2018 WL 652830, at *3.

Port of Louisville also argues that the Court should apply the four-factor test articulated in *In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020) to evaluate whether Bouvette's motion for a stay should be granted.  [DE 46 at 332].  In *Flint Water Cases*, the district court partially denied defendants' request for a stay of discovery while the question of immunity was on appeal.  960 F.3d at 824.  The Sixth Circuit was then asked to review the district court's decision regarding the stay.  *See id.*  However, *Flint Water Cases* was decided on appeal within the context of Federal Rule of Appellate Procedure 8(a).  As a result, the Court relies on the analysis in *McMillan*, which does not apply the four-factor balancing test.  Because there is a strong interest in staying discovery while questions of immunity are on appeal, *Vaughn*, 65 F.3d at 1326, and because Bouvette's immunity appeal is based on a matter of law, Bouvette's motion to stay discovery pending appeal [DE 43] is **GRANTED**.

### III.   __WATCO'S MOTION TO STAY DISCOVERY__

Watco argues that it is entitled to a stay of discovery pending the outcome of Bouvette's appeal because claims asserted against it are intertwined with claims against Bouvette so that discovery could not be bifurcated. [DE 45 at 324]. In response, Port of Louisville contends that Watco is not entitled to immunity and should not benefit from any stay provided to Bouvette. [DE 46 at 335–36].

#### A.  Discussion

Watco argues that the Court should stay discovery against it if discovery is also stayed against Bouvette. [DE 45 at 422]. It also asserts that the Court should not allow discovery to proceed against Watco because the Court could not protect the substance of Bouvette's immunity defense. [*Id.* at 326].

Watco correctly acknowledges that the district court retains inherent power to manage its docket and stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In *Flint Water Cases*, the Sixth Circuit held that the district court adequately exercised its discretion by allowing discovery to proceed. *See* 960 F.3d at 829. The district court had refrained from issuing a discovery plan until certain defendants' immunity claims were resolved on appeal. *Id.* at 827. The district court stayed discovery against defendants pursuing sovereign immunity claims on appeal but made a limited exception to allow discovery related to separate claims brought against different defendants who were not pursuing immunity. *See id.* The Sixth Circuit held that this approach struck a balance between the discovery needs of other defendants and the state defendants' immunity interest. *Id.*

Although Watco seeks to distinguish this case from *Flint Water Cases* [DE 45 at 325], the facts are similar. Port of Louisville asserts three claims against Watco and Bouvette: (Count I)

5

tortious interference with contractual relationship and business relations; (Count II) civil conspiracy; and (Count III) defamation. [DE 1 at 10–13]. Watco is a private entity that cannot assert immunity and has not asserted immunity as a defense. Port of Louisville correctly argues that nothing prohibits it from moving forward with discovery against Watco other than Bouvette's immunity claims. [DE 46 at 336]. As in *Flint Water Cases*, the Court has stayed discovery against Bouvette, but Watco is not asserting immunity. *See* 960 F.3d at 827. As the Court noted above, no party may seek discovery from Bouvette on claims related to her immunity appeal. Therefore, the Court will not stay discovery against Watco and allow it to reap the benefits of Bouvette's immunity claims.

The Court maintains discretion to manage its own docket. *See Landis*, 299 U.S. at 254. Although Watco expresses concern regarding judicial economy [DE 48 at 350], the Court will allow additional time for discovery if Bouvette is ultimately unsuccessful on appeal. Because Watco does not assert an independent basis to stay discovery, the Court **DENIES** Watco's motion to stay discovery pending Bouvette's appeal [DE 45].

## IV. <u>CONCLUSION</u>

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1.    Bouvette's motion to stay discovery pending appeal [DE 43] is **GRANTED**;

2.    Watco's motion to stay discovery pending the outcome of Bouvette's appeal [DE 45] is **DENIED.**

Rebecca Grady Jennings, District Judge

United States District Court

June 8, 2022

6