UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NEW ALBANY MAIN STEET                                                            Plaintiff
PROPERTIES D/B/A PORT OF
LOUISVILLE

v.                                                                Civil Action No. 3:20-cv-343-RGJ

WATCO COMPANIES, LLC, ET AL.                                                   Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff Port of Louisville's ("Port of Louisville") motion to amend its complaint and Defendant Maria Bouvette's ("Bouvette") motion to dismiss Port of Louisville's claims against her. The motion is ripe. For the reasons below Port of Louisville's motion to amend [DE 69] is **GRANTED** and Bouvettte's motion to dismiss [DE 68] is **DENIED**.

### I. BACKGROUND

Port of Louisville operates Louisville's shipping center on the Ohio River. [DE 22 at 182]. In 2009, Port of Louisville and the Louisville and Jefferson County Riverport Authority ("Riverport Authority") executed a lease where Port of Louisville agreed to operate the Riverport Authority's port facility ("Port Facility"). [*Id.*]. The lease was later extended until 2035. [*Id.*]. Bouvette was appointed by the Mayor of Louisville as the executive director of Riverport Authority and remained in the role at all times relevant in the complaint. [DE 21 at 162].

Port of Louisville alleges that one of its competitors, Watco Companies, LLC ("Watco"), began secret negotiations with Bouvette and Riverport Authority to remove and replace Port of Louisville as operator of the Port Facility. [DE 1 at 4]. Port of Louisville filed suit in this Court,

1

asserting against Watco and Bouvette claims of tortious interference with contractual relationship and business relations, civil conspiracy, and defamation. [DE 1 at 13–14]. Bouvette moved to dismiss the action arguing that she is immune from suit in her official capacity. [DE 21]. The Court denied the motion. [DE 35]. Bouvette appealed and the Sixth Circuit reversed, holding that Bouvette was sued in her official capacity and is entitled to governmental immunity under Kentucky law. [DE 63 at 490–93]. The Sixth Circuit did not decide whether Port of Louisville could amend its complaint to add an individual-capacity claim, but cautioned that Bouvette may have lacked notice of such a claim because of Port of Louisville's failure to raise individual capacity as a defense until appeal. [*Id*. at 494].

On remand, Bouvette argues that Port of Louisville should be prevented from amending its complaint to add an individual-capacity claim because she lacked notice of the claim, and it is barred by the statute of limitations. [DE 71 at 557–62; DE 68-1 at 508–10]. Port of Louisville argues that, contrary to the Sixth Circuit's comments, Bouvette had notice of the individual-capacity claim and that the claim should relate back to the original filing date. [DE 69-1 at 522–25].

## II. DISCUSSION

Both pending motions turn on whether amending the complaint to add an individual-capacity claim is proper in this case; therefore, the Court will consider the motions together.

A. Forfeiture

Bouvette first argues that Port of Louisville forfeited its individual capacity claim by not raising it as a defense against immunity. [DE 71 at 557].

"Forfeiture occurs when a party fails to timely assert a claim, even if the party does so unintentionally." *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022). This

is distinct from waiver, which occurs when a party intentionally abandons a known claim. *Id*. To avoid forfeiture, a party must raise an argument or claim at the district court if it wishes to raise the same on appeal. *Id*. (citing *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 443 (6th Cir. 2021); *Armstrong v. City of Melvindale*, 432 F.3d 695, 699–700 (6th Cir. 2006)). A claim need not necessarily be included in a complaint to avoid forfeiture. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001).

Courts use the "course of proceedings" test to determine whether a claim is brought against someone in their individual or official capacity. *Id*. (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). Under the test, failure to state in a complaint that a defendant is sued in their individual capacity "is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice" of an individual-capacity claim. *Id*. at 772. Courts look to factors such as the "nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id*. at n. 1. Additionally, a defendant may be put on notice of an individual-capacity claim through arguments raised in subsequent pleadings early in the litigation. *Id*.

In *Bannister*, the Sixth Circuit held that the plaintiffs had forfeited a substantive due process claim because they failed to raise it in the district court at the motion to dismiss stage. *Bannister*, 49 F.4th at 1012. The court reasoned that the defendant school district did not receive notice of the claim in the course of proceedings because the plaintiffs failed to raise it in response to the defendant's motion to dismiss or "in any document that the [Plaintiffs] filed in the district court." *Id*.

On appeal, the Sixth Circuit noted that Port of Louisville may have forfeited their individual-capacity claim against Bouvette but remanded the issue. *New Albany Main St. Properties v. Watco Companies, LLC*, 75 F.4th 615, 632 (6th Cir. 2023). Port of Louisville did not name Bouvette in her individual capacity in the complaint. [DE1]. However, they did twice state that they had sued "Bouvette in her individual capacity" in their response to Bouvette's motion to dismiss. [DE 22 at 181, 191]. This distinguishes the case from *Bannister*, where the plaintiffs failed to mention the claim at all in their response to a motion to dismiss. 49 F.4th at 1012. Under the "course of proceedings" test, Port of Louisville's clear statements were sufficient to put Bouvette on notice of the individual-capacity claim.[1]

Port of Louisville also sought injunctive relief against Bouvette in her official capacity in its original complaint. [DE 1 at 13]. This claim may not have been barred by Bouvette's governmental immunity. *See New Albany Main St. Properties*, 75 F.4th at 632. However, Port of Louisville forfeited the claim by failing to raise the issue on appeal. *Id*.

B. Leave to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Ordinarily, a court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Tefft v. Seward*, 689

---

[1] Because Port of Louisville has not forfeited the claim, the Court need not consider whether this case presents an "exceptional" circumstance under which the Court should nevertheless consider a forfeited claim. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993).

4

F.2d 637, 639 (6th Cir. 1982). "Thus, so long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *1 (W.D. Ky. Oct. 4, 2016) (citing *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961)).

Whether or not to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). "[A] motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotations marks, emphasis, & citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

    *i.    Futility*

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or

5

a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Bouvette argues that any amendment to name her in her individual capacity would be futile because the amended complaint would not survive a motion to dismiss. [DE 71 at 559–61]. Port of Louisville's amended complaint retains the factual allegations from its first complaint and specifies that Bouvette is sued in her individual capacity. [DE 69-3]. The complaint alleges that Bouvette took specific actions, including negotiating with Watco and making knowingly false representations to Port of Louisville's existing customers. [DE 69-3 at 531–36]. Taking these allegations as true, Port of Louisville has stated claims for tortious interference with contractual relationship and business relations, civil conspiracy, and defamation. The amended complaint amounts to more than a "bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488. Further, Bouvette is alleged to have acted in bad faith, which, taken as true, precludes a defense of qualified immunity under Kentucky law. *See Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) ("public officers and employees are entitled to 'qualified official immunity' for negligent conduct when the negligent act or omissions were (1) discretionary acts or functions, that (2) were made in good faith (i.e. were not made in 'bad faith'), and (3) were within the scope of the employee's

6

authority.") (quoting *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). For these reasons, Port of Louisville has stated a claim for relief and amendment of the complaint is not futile.

    *ii.    Prejudice*

Even if amendment would not be futile, a court may nevertheless deny a motion to amend if it would result in "undue delay . . . [or] undue prejudice to the opposing party." *Riverview Health Inst. LLC*, 601 F.3d at 520. The Sixth Circuit has held that delay, by itself, is "insufficient reason to deny a motion to amend." *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980). "Rather, the critical factors are notice and substantial prejudice." *Id*. (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

As explained above, Bouvette was put on notice of the individual capacity claim during the course of the proceedings. *See supra* Part II.A. Further, Bouvette has failed to point to any specific prejudice which amendment would produce. [*See* DE 68; DE 72; DE 71]. Presumably, some degree of delay will result from the addition of an individual-capacity claim. However, as Port of Louisville points out, the case is still in the beginning stages. [DE 69-1 at 525]. In the absence of additional prejudice, denial of the motion to amend would be improper. *Moore v. City of Paducah*, 790 F.2d 557, 560–62 (6th Cir. 1986).

  C. <u>Relation Back</u>

Federal Rule of Civil Procedure 15 (c) lays out three ways for an amendment to relate back to the date of the original pleading, thereby avoiding a statute of limitations bar:

> (c)(1) . . . An amendment to a pleading relates back to the date of the original pleading when:
>     (A) the law that provides the applicable statute of limitations allows relation back;
>     (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The one-year statute of limitations on Port of Louisville's civil conspiracy and defamation claims against Bouvette has expired. K.R.S. 413.140(c), (d). Port of Louisville argues that the individual-capacity claims in the amended complaint are not barred because Bouvette had notice of them from the beginning of the litigation and because they relate back under Rule 15. [DE 76 at 588]. Bouvette argues that the amended complaint does not meet the standard to relate back for the changing of a party under Rule 15(c)(1)(C). [DE 69 at 561].

The threshold question in this case is which subsection of Rule 15(c) applies to the proposed amendment. In *Brown v. Shaner*, the Sixth Circuit pointed out that the three parts of Rule 15 are joined by "or" not "and." 172 F.3d 927, 932 (6th Cir. 1999). *Shaner* presented facts similar to this case, as the plaintiff moved to amend their complaint to include an individual-capacity claim against an existing defendant. *Id*. at 929. The *Shaner* court "indicated, without deciding, that naming a defendant in their individual capacity in an amended complaint, when they have already been named in the original complaint, does not necessarily constitute a change in parties, thus requiring compliance with subsection (1)(C)." *Penman v. Correct Care Sols*., No. 5:18-CV-58-TBR, 2018 WL 6242132, at *3 (W.D. Ky. Nov. 28, 2018) (citing *Brown v. Shaner*, 172 F.3d at 932). The court thus left open the possibility that an amended complaint naming a defendant in their individual capacity could relate back by complying with subsection (1)(B)

8

instead of (1)(C). This Court adopted *Shaner*'s reasoning in *Pennman v. Correct Care Solutions*. No. 5:18-CV-58-TBR, 2018 WL 6242132, at *3.

The amended complaint in this case "arose out of the conduct, transaction, or occurrence set out-—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The claims, as in *Pennman* and *Shaner*, are identical to those raised against the defendants in their official capacities in the original complaint. [DE 69-3]. The factual basis for the claims remains, and Port of Louisville did not allege any additional facts. [DE 76 at 584]. Under the less stringent (c)(1)(B) standard, Port of Louisville need not show the notice required under (c)(1)(C). Even if the Court were to apply the more stringent standard, Bouvette received notice of the individual-capacity claim during the course of the proceedings, as explained above.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Plaintiff's motion to amend [DE 69] is **GRANTED.**

2) Defendant's motion to dismiss [DE 68] is **DENIED**.

December 5, 2023

Rebecca Grady Jennings, District Judge
United States District Court

9