UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| NEW ALBANY MAIN STEET PROPERTIES D/B/A PORT OF LOUISVILLE | Plaintiff |
| v. | Civil Action No. 3:20-cv-343-RGJ |
| WATCO COMPANIES, LLC, ET AL. | Defendants |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Maria Bouvette's ("Bouvette") motion to dismiss Plaintiff Port of Louisville's amended complaint. [DE 83]. Briefing is complete and the motion is ripe. [DE 84; DE 87]. For the reasons below Bouvette's motion to dismiss [DE 83] is **DENIED**.

### I. BACKGROUND

Much of the background of this case has previously been set forth in the Court's Order granting Port of Louisville's motion to amend the complaint and is incorporated herein. [DE 78 at 600–01]. The Court previously rejected Bouvette's argument that Port of Louisville's amended complaint would not survive a motion to dismiss. [*Id*. at 605 ("The amended complaint amounts to more than a 'bare assertion of legal conclusions.'. . .Further, Bouvette is alleged to have acted in bad faith, which, taken as true, precludes a defense of qualified immunity under Kentucky law." (internal citation omitted))]. Nevertheless, Bouvette now moves to dismiss the amended complaint under Fed. R. Civ. P. 12 (b)(6). [DE 83 at 629].

1

## II. STANDARD

Bouvette's motion to dismiss relies on arguments similar to those previously raised before the Court. *See* [DE 68-1, Bouvette Mot. to Dismiss, at 508–10; DE 71, Mot. to Amend Resp., at 559–61]. Accordingly, Port of Louisville urges the Court to treat Bouvette's motion as one for reconsideration under Rule 59. [DE 84, Port of Louisville Resp. at 650–53].

Bouvette's first post-appeal motion to dismiss was directed at the original complaint and was filed before Port of Louisville moved to amend their complaint. [DE 68]. In contrast, the present motion is directed at the individual-capacity claims in the amended complaint and expands on a previously under-developed qualified immunity issue. [DE 83 at 636–43]. Given these procedural differences, the Court will consider Bouvette's motion under the Rule 12(b)(6) standard.[1]

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court

---

[1] The Court notes that it could have properly disposed of Bouvette's motion under the Rule 59 standard because Bouvette's arguments were all previously addressed and decided. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) (explaining courts generally construe motions to reconsider as motions to alter or amend a judgment under Rule 59). The Court would have also denied the motion under that standard, as Bouvette failed to establish any of the necessary grounds for reconsideration. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (holding motions for reconsideration should only be granted under four circumstances: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.").

need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### III.  ANALYSIS

####   A.  Sufficiency of Amended Complaint

Bouvette repeatedly offers alternative, "more plausible" explanations for Riverport's actions. [DE 83 at 641-42]. This misunderstands the Rule 12(b)(6) standard.

When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). At this stage, a plaintiff need not offer evidence to disprove all alternative theories. Instead, a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Port of Louisville has done so here.

The amended complaint names Bouvette in some allegations and names the Jefferson County Riverport Authority ("Riverport") more generally in others. Bouvette argues that none of Riverport's actions can be attributed to her. [DE 83 at 632–34]. However, the amended complaint names her as the Executive Director of Riverport. [DE 79 at 610]. It is reasonable to infer from these allegations that Bouvette was—at minimum—aware of the actions attributed to Riverport more generally. Further, the allegations specifically naming Bouvette contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Port of Louisville alleges that Bouvette negotiated with Watco to replace Port of Louisville as operator of the port facility and coordinated with them about ways to remove Port of Louisville despite their active lease. [*Id*. at 612–13]. They also allege that she made knowingly false representations to Port of Louisville's customers about their breach of the Modified Lease. [*Id*. at 616–17]. As the Court held previously, this is sufficient to state a claim for relief at this stage of the proceedings. [DE 78 at 606].

Bouvette also moves to dismiss Port of Louisville's prayer for injunctive relief, arguing she is no longer Riverport's Executive Director and thus future harm is implausible. [DE 83 at 643]. Bouvette does not cite to the record or attach any evidence of this assertion. Thus, the Court may not consider it at this stage. *See* Fed. R. Civ. P. 12(d). Even if Bouvette had supported the claim with admissible proof, Port of Louisville's defamation claim, if proven, could result in injunctive relief. *Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 311 (Ky. 2010) (holding injunctive relief is available in a defamation action upon a final determination of the speech's falsity). Preclusion of an entire category of relief would be improper at this stage of the proceedings.

B. Qualified Immunity

Bouvette also argues that she enjoys qualified immunity for Port of Louisville's individual capacity claims against her. [DE 83 at 636]. There is no heightened factual showing that a plaintiff must make to survive a motion to dismiss on qualified immunity grounds that differs from the plausibility standard established under *Iqbal*. *Wesley v. Campbell*, 779 F.3d 421, 427–28 (6th Cir. 2015). While federal pleading standards govern the sufficiency of the amended complaint, qualified immunity is a matter of Kentucky substantive law. *See Shepherd v. Floyd Cty.*, 128 F. Supp. 3d 976, 977–80 (E.D. Ky. 2015) (holding federal courts must apply state immunity law to state law claims).

When sued in their official capacities, public employees and officers enjoy absolute immunity, as their actions are "included under the umbrella of sovereign immunity" attributable to their employers. *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001).[2] When sued in their individual capacities, public employees enjoy only qualified official immunity. *Id*. at 522. Kentucky law provides qualified immunity to "public officers and employees for "(1) discretionary acts or functions. . .; (2) [exercised] in good faith; and (3) within the scope of the employee's authority." *Howell v. Sanders*, 668 F.3d 344, 355 (6th Cir. 2012) (quoting *Yanero* 65 S.W.3d at 522)). The plaintiff bears the burden of demonstrating that a public employee acted in bad faith. *Yanero*, 65 S.W.3d at 523.

Port of Louisville does not dispute that Bouvette's actions were discretionary and taken within the scope of her employment.[3] [DE 84 at 654; DE 83 at 636–37]. Thus, whether she is

---

[2] There is no question that Bouvette would be entitled to absolute immunity for claims against her in her official capacity. The Sixth Circuit held as much. *See New Albany Main St. Props. v. Watco Cos., LLC*, 75 F.4th 615, 632 (6th Cir. 2023). However, the amended complaint omitted official capacity claims and sues Bouvette only in her individual capacity. *See* [DE 79 at 609–610].

[3] Port of Louisville assumes this position for purposes of responding to Bouvette's motion only. [DE 84 at 654]. They have not waived their right to assert additional or contrary arguments in the future.

5

entitled to qualified immunity depends on whether her acts were performed in good or bad faith. Once an official makes a prima facie showing "that the act was performed within the scope of his/her discretionary authority, the burden shifts to the plaintiff to establish by direct or circumstantial evidence that the discretionary act was not performed in good faith." *Salt Lick Bancorp v. FDIC*, 187 F. App'x. 428, 444 (6th Cir. 2006) (citing *Yanero*, 65 S.W.3d at 523). Bad faith "can be predicated on a violation of a constitutional, statutory, or other clearly established right . . . or if the officer or employee willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive." *Yanero*, 65 S.W.3d at 523. "Bad faith requires 'some implication of self-interest, or a deliberate indifference, or sinister motive, rather than an honest mistake or oversight.'" *Gati v. W. Ky. Univ.*, 283 F. Supp. 3d 616, 626 (W.D. Ky. 2017) (quoting *Kelly v. City of Fort Thomas*, 610 F.Supp.2d 759, 776 (E.D. Ky. 2009)), *rev'd in part on other grounds,* 620 F.3d 596 (6th Cir. 2010).

The amended complaint alleges that Bouvette conspired with Watco to "replace and remove Port of Louisville as the operator of the Port Facility" despite the active lease between Port of Louisville and Riverport. [DE 79 at 618–20]. It also alleges that Bouvette breached the terms of the lease by negotiating with ELG Metals, a Port of Louisville customer, to decrease the rate Port of Louisville could charge for their work. [*Id*. at 616]. And that Bouvette advised Rivergreen Water Recycling, another Port of Louisville customer, "to cease conducting business with Port of Louisville because Port of Louisville had breached its lease terms and was being evicted from the Port Facility," thereby "inducing cessation of direct rent payments to Port of Louisville." [*Id*. at 617]. Further, Port of Louisville alleges that Bouvette communicated with at least five other customers to induce them to move their business to Watco. [*Id*.]. And that Bouvette's statements

6

about Port of Louisville's alleged breach were made "willfully, wantonly, and maliciously and/or with reckless disregard for the truth." [*Id*. at 621].

Making all reasonable inferences in favor of Port of Louisville, they have pleaded enough factual content to "nudge [ ] their [bad faith claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570 (2007). However, based on the limited information available at this stage, the Court declines to rule on whether Bouvette is entitled to qualified immunity at this time. The Sixth Circuit has noted that "it is generally inappropriate for a district court to [decide] a 12(b)(6) motion to dismiss on the basis of qualified immunity," because although "qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Wesley*, 779 F.3d at 433–34 (internal quotations and citations omitted).

### IV. CONCLUSION

For these reasons, IT IS ORDERED that:

1) Bouvette's motion to dismiss [DE 83] is **DENIED**.

April 16, 2024

Rebecca Grady Jennings, District Judge
United States District Court

7